UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ARTIS JOHNSON a/k/a )
Fa'Dee Mulazim, )
 )
        Petitioner, ) Case No. 1:87-cv-741
 )
v. ) Honorable Janet T. Neff
 )
ROBERT BROWN, JR., )
 ) **MEMORANDUM OPINION**
        Respondent. )
_____)

       This habeas corpus action was filed twenty-two years ago to challenge petitioner's 1976 conviction for armed robbery, for which he is serving a parolable life sentence. The petition was denied on its merits by former District Judge David W. McKeague by judgment entered September 7, 1993. The court entered judgment after reviewing petitioner's objections, filed by appointed counsel, to a twenty-nine-page report and recommendation filed by the magistrate judge. The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability in December, 1993 (*In re Artis X. Johnson*, case no. 93-2235).

       Petitioner took no further action in the case until August 17, 2009, when he filed a motion for relief from judgment and motion for leave to file a third amended petition for writ of habeas corpus. These documents challenge the fairness of the proceedings conducted sixteen years ago in this court and include allegations that the magistrate judge wrongfully denied petitioner an evidentiary hearing, excluded relevant evidence, and otherwise improperly denied petitioner relief.

For the reasons set forth below, the court concludes that petitioner's motion, construed as a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure, is meritless and must be denied.

## **Discussion**

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that Rule 60(b) remains available to a petitioner to challenge a final judgment in a habeas corpus case only to the extent that it is not consistent with the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2244(b), 2254, 2255. AEDPA requires permission of the Court of Appeals before a petitioner may bring a "second or successive" application for habeas corpus relief. 28 U.S.C. § 2244(b)(3). Whether a motion for relief from judgment, filed after a habeas corpus case is final, is subject to this provision of AEDPA depends on the nature of petitioner's challenge. The *Gonzalez* Court held that a Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. 545 U.S. at 532. By contrast, when a habeas petitioner's Rule 60(b) motion does not attack the substance of the federal court's resolution of petitioner's claims, but some "defect in the integrity of the federal habeas proceedings," it should not be treated as a second or successive habeas petition for which authorization is required from the Court of Appeals pursuant to section 2244(b). 545 U.S. at 532.

Although petitioner's motion and supporting brief are not models of clarity, petitioner appears only to challenge the integrity of the proceedings conducted in 1993 by Judge McKeague and Magistrate Judge Joseph Scoville and does not seem to be either injecting new claims for relief or attempting to reargue claims already decided against him. The court therefore concludes that

petitioner's motion for relief from judgment does not run afoul of the prohibition against second or successive petitions, as explained by *Gonzalez*.

Nevertheless, petitioner's motion for relief from judgment must be denied, because petitioner has not demonstrated any basis for granting relief under the rule. "Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted). Rule 60(b) allows a party to seek relief from a final judgment only in limited circumstances. Relief from judgment may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or the like; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it was based has been vacated, or it is no longer equitable that the judgment have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of the first five grounds applies, relief may only be available when "exceptional or extraordinary circumstances" are present. *Gonzalez*, 545 U.S. at 536; *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Petitioner's motion invokes subsections (3) (fraud) and (4) (void judgments).

Careful review of his motion demonstrates that his assertions fail to allege any ground for relief under either subsection. Petitioner merely asserts that the magistrate judge made erroneous rulings and ignored relevant evidence. A judgment is not void merely because it may have been erroneous. *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 903-04 (6th Cir. 2006). A judgment is void only if it was a complete nullity from its inception. *Id.* A judgment is void if a court acted

without personal or subject-matter jurisdiction. *Id.* Petitioner's claims could have and should have been raised before Judge McKeague in petitioner's objections to the report and recommendation. They are not proper grounds for a collateral attack coming over fifteen years after the entry of judgment. Moreover, petitioner has not alleged any grounds for exceptional or extraordinary circumstances. The *Gonzalez* Court remarked that a very strict interpretation of Rule 60(b) is essential if the finality of habeas corpus judgments is to be preserved and that exceptional circumstances will rarely occur in the habeas context. 545 U.S. at 536. Allegations of legal and evidentiary error in trial court proceedings do not remotely satisfy this standard.

Petitioner has not alleged grounds for relief under Rule 60(b). His motion for relief from judgment and for leave to file a third amended petition for writ of habeas corpus must therefore be denied.


Dated: September 14, 2009     /s/ Janet T. Neff
                              Janet T. Neff
                              United States District Judge