UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ARTIS X. JOHNSON, a/k/a Fa'dee Mulazim, | )<br>)<br>) |
| Petitioner, | )<br>) Case No. 1:87-cv-741 |
| v. | )<br>) Honorable Janet T. Neff |
| ROBERT BROWN, JR., | )<br>) |
| Respondent. | ) **REPORT AND RECOMMENDATION**<br>)<br>) |

This was a habeas corpus action filed in 1987 to challenge petitioner's conviction in 1976 for armed robbery, for which he is serving a parolable life sentence. By judgment entered September 7, 1993, former District Judge David W. McKeague denied habeas corpus relief on the merits. The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability in December 1993 (*In re Artis X. Johnson*, case no. 93-2235), and the judgment became final. Sixteen years later, petitioner filed a motion for relief from judgment and for leave to file a third amended petition. By memorandum opinion and order entered September 14, 2009 (docket #'s 142, 143), District Judge Janet T. Neff denied relief.

Presently pending before the court are three further motions by petitioner, which Judge Neff has referred to me. First, petitioner seeks a temporary restraining order, asking the court to prevent interference with or destruction of his legal property and seeking an order requiring the prison to house him in a single-inmate cell. Petitioner's claims for relief arise from events that began

on June 21, 2009. (Motion for Temporary Restraining Order, docket # 144). Second, petitioner seeks a preliminary injunction, again seeking relief with regard to his legal papers. (Motion for Preliminary Injunction, docket # 146). Finally, petitioner seeks an order to show cause under 28 U.S.C. § 2243, why he should not be released from custody. (Motion, docket # 147). In this motion and supporting brief, petitioner seeks to raise the same challenges to his 1976 conviction contained in his motion for relief from judgment, reviewed and denied by Judge Neff in September 2009.

Petitioner's attempt to revive this twenty-two-year-old habeas corpus action, which was decided against him on the merits in 1993, are utterly frivolous. His motions for a temporary restraining order and for preliminary injunction, which seek relief regarding his legal property and prison housing, are beyond the scope of a habeas corpus proceeding, even if the case were still alive. The prison officials allegedly responsible for depriving plaintiff of his legal materials are not even parties to this case. Challenges to an inmate's conditions of confinement must be brought by civil rights action pursuant to 42 U.S.C. § 1983, after the inmate has exhausted available administrative remedies and otherwise complied with the requirements of the Prison Litigation Reform Act. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *see generally Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997). If petitioner believes that his civil rights have been violated, his avenue for redress is to file a civil rights action against the prison officials responsible for the deprivation of his rights. He may not seek relief in a long-closed habeas corpus action.

Petitioner's motion for order to show cause seeks immediate relief from confinement. A habeas corpus case is the proper avenue to seek such relief. *Preiser*, 411 U.S. at 507-08. Petitioner may not seek such relief in this lawsuit, however, because the judgment in this case is final and unappealable. Petitioner's only avenue for relief is a motion for relief from judgment under Rule

60(b) of the Federal Rules of Civil Procedure. Judge Neff has already denied petitioner's Rule 60(b) motion, in which he attempted to raise the same issues three months ago. Judge Neff found that petitioner had failed to raise grounds for relief under any provision of Rule 60(b). (Op., docket # 142). Petitioner's present allegations are indistinguishable from those reviewed and rejected by Judge Neff.

### Recommended Disposition

For the foregoing reasons, I recommend that petitioner's motion for temporary restraining order (docket # 144), motion for preliminary injunction (docket # 146), and motion for order to show cause (docket # 147) be denied.

Dated:  December 4, 2009  /s/  Joseph G. Scoville
United States Magistrate Judge

### NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d). A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).